IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SALGADO, | No  C 08-1094 VRW |
| Petitioner, | ORDER |
| v | |
| JAMES HARTLEY, | |
| Respondent. / | |

Petitioner Victor Salgado, a California state prisoner proceeding pro se, petitions for a writ of habeas corpus pursuant to 28 USC § 2254.  Doc #1.  Salgado challenges a decision by Governor Schwarzenegger denying him parole.  Respondent has filed an answer addressing the merits of the petition, Doc #11, and Salgado has filed a traverse, Doc #14.  Having reviewed the briefs and the underlying record, the court concludes that Salgado is not entitled to relief based on the claims presented and denies the petition.

I

On July 7, 1981, Salgado was a passenger in a car driven by a fellow 18th Street gang member.  When the vehicle stopped in front of a residence, Salgado fired three or four shots at four men sitting on the porch, striking and killing one of them.  Doc #1 at 54.  Apparently, Salgado was motivated to shoot because at least one of the men had been harassing his girlfriend.  Id.  Salgado was convicted of second-degree murder and was sentenced to fifteen years to life.  Id at 16.

The California Department of Corrections set Salgado's minimum eligible parole date at December 5, 1991.  Id.  The Board of Prison Terms (BPT) denied Salgado parole seven times beginning in 1990.  Id at 20.  On May 3, 2006, the BPT found Salgado suitable for parole.  Id.

The governor reversed the BPT's suitability determination on September 22, 2006.  Id at 156.  In his decision, the governor emphasized "the gravity of the second-degree murder perpetrated by Mr Salgado."  Id at 157.  In addition to the gravity of the offense, the governor cited to Salgado's drug use and discipline record in prison, gang membership that continued until "seven or eight years ago" and the Los Angeles county district attorney's opposition to Salgado's parole.  Id at 156-57.

Salgado unsuccessfully challenged the governor's decision in California superior court, id at 54, and in the California Supreme Court, id at 58.  Because the California Supreme Court denied the petition without comment, the superior court's decision is the last reasoned decision.  <u>Ylst v Nunnemaker</u>, 501 US 797, 803-

04 (1991). After the state court denied his petition for review on June 18, 2008, Salgado filed the instant federal petition for a writ of habeas corpus.  Doc #1.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id at § 2254(d).  Under this standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v Taylor, 529 US 362, 411 (2000).

3

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 USC § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  Id at 412; <u>Clark v Murphy</u>, 331 F3d 1062, 1069 (9th Cir 2003).

### III

Salgado seeks federal habeas corpus relief from the governor's September 22, 2006 decision to reverse the BPT's parole decision.  Salgado claims that the governor's decision does not comport with due process because it is not supported by some evidence in the record and is based solely on an unchanging factor: his commitment offense.

Under California law, prisoners serving indeterminate life sentences, like Salgado, become eligible for parole after serving minimum terms of confinement required by statute.  <u>In re Dannenberg</u>, 34 Cal 4th 1061, 1069-70 (2005).  At that point, California's parole scheme provides that the board

> shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration.

Cal Penal Code § 3041(b).  Regardless of the length of time served, the board should deny parole if it determines "the prisoner will pose an unreasonable risk of danger to society if released from prison."  Cal Code Regs tit 15, § 2402(a).  The board must consider

4

various factors to reach its decision, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. See id § 2402(b)-(d). The governor must consider these same factors in determining whether to reverse a grant of parole by the board. See Cal Const art 5, § 8(b); In re Rosenkrantz, 29 Cal 4th 616, 665 (2002).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole which cannot be denied without adequate procedural due process protections." Sass v California Bd of Prison Terms, 461 F3d 1123, 1128 (9th Cir 2006); McQuillion v Duncan, 306 F3d 895, 902 (9th Cir 2002). "The liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v Terhune, 334 F3d 910, 914-15 (9th Cir 2003).

Salgado's due process rights require that "some evidence" support the governor's decision finding him unsuitable for parole. Irons v Carey, 505 F3d 846, 851 (9th Cir 2007) (holding that "some evidence" standard for disciplinary hearings outlined in Superintendent v Hill, 472 US 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Sass, 461 F3d at 1125 (same); Biggs, 334 F3d at 915 (same); McQuillion, 306 F2d at 904 (same). This "some evidence" standard is minimally stringent and ensures that the governor's decision was not arbitrary. Hill, 472 US at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of

5

the credibility of witnesses, or weighing of the evidence." Id at 455-56 (quoted in Sass, 461 F3d at 1128).

Here, the state court's decision to uphold the governor's parole reversal was not contrary to clearly established law. The governor supported his decision with "some evidence" when he pointed to the circumstances of Salgado's crime along with his prison drug use, discipline record and history of gang membership. Doc #1 at 156-57. The governor's reference to post-conviction factors in the record indicates his decision was neither arbitrary nor based solely on an unchanging circumstance. The court need not and should not determine whether it would reach the same decision as the governor. The evidence used by the governor reasonably supports the conclusion that Salgado is not currently suitable for parole and thus satisfies minimum due process requirements.

IV

Because the record contains, at a minimum, some evidence to support the governor's decision, the petition for a writ of habeas corpus, Doc #1, is DENIED. The clerk shall enter judgment, terminate all motions and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge